NICHOLS et al. v. HAINES.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1900.)

No. 627.

1. DAMAGES—CONSTRUCTION OF PROVISION IN CONTRACT.

A provision in a contract for the purchase of a crop of oranges, then upon the trees, for a lump sum, that the purchaser "is also to pay the party of the second part $1,500 at the time of making this contract as part payment of the entire purchase price of said fruit, and, in case the said party of the first part refuses or fails to comply with the conditions of this contract, then the said payment of $1,500 is to be forfeited," is one for a forfeiture, and not for liquidated damages.

2. ASSUMPSIT—PROOF OF CONTRACT—SEAL.

In an action in assumpsit based on a written contract which was not required to be under seal, the authority of the agent who signed the defendant's name to such contract need not be shown to have been under seal, although he affixed a seal to the signature of his principal.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This is an action of assumpsit brought by Harriet M. Haines, as executrix of the last will of B. F. Haines, against Elisha R. Nichols and Robert B. Gillies, co-partners doing business as E. R. Nichols & Co., to recover money alleged to be due on the following contract:

"This contract, made this 30th day of November, A. D. 1894, between E. R. Nichols & Co., of the county of Cook and state of Illinois, party of the

first part, and B. F. Haines, of the county of Volusia, state of Florida, party of the second part: E. R. Nichols & Co., party of the first part, has purchased from said party of the second part the entire crop of marketable oranges in the grove known as the 'B. F. Haines Grove,' in Volusia county and state of Florida. Said grove is estimated to contain 7,000 boxes of oranges, more or less, at $5,000, with the right to said party of the first part to have said oranges picked and packed as he desires. And the party of the second part hereby agrees not to pick or ship said oranges, and not to sell the same to any other person, and that, until the fruit is removed by the party of the first part, the said party of the second part is not to give any one permission to enter the above premises who will in any way interfere with or take said fruit. Said fruit is to be taken off the trees on or before the first day of February, 1895, in such quantities as desired by the party of the first part, unless the time for the removal of said fruit is extended by mutual agreement. The fruit is to be [paid for] as follows: $300 for each car, as fast as picked, until the balance of $5,000 is paid. And E. R. Nichols & Co., the said party of the first part, is also to pay the party of the second part $1,500 at the time of making this contract, as part payment of the entire purchase price of said fruit; and, in case the said party of the first part refuses or fails to comply with the conditions of this contract, then the said payment of $1,500 is to be forfeited. Witness our hands and seals the day and year above written.    E. R. Nichols & Co. [Seal.]
"B. F. Haines. [Seal.]"

The declaration contained common counts, besides a special count on the contract. The defendants pleaded (1) the destruction of the crop of oranges by freezing before February 1, 1895; (2) the payment to Haines in his lifetime of the sum of $1,500 as liquidated and agreed damages; (3) non assumpsit; (4) that there was no crop nor any quantity of marketable oranges on the plantation referred to in the contract on November 30, 1894, or thereafter at any time before and including February 1, 1895; and (5) non est factum. To the fourth plea a demurrer was sustained, and upon the other pleas issue was joined. There was a trial by jury, which, in obedience to a peremptory instruction, returned a verdict for the plaintiff for $2,250, for which the court gave judgment. The assignment of error contains numerous specifications, but they need not be restated. It was admitted on the trial that $4,500 was the sum agreed to be paid for the crop of oranges.

Herbert S. Duncombe, for plaintiffs in error.

Thomas M. Hoyne and John O'Connor, for defendant in error.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The first error insisted upon is the admission of the testimony of Harriet M. Haines, who testified to certain conversations between Elisha R. Nichols and B. F. Haines, whose widow she said she was. It is a sufficient technical answer that she is not shown to have been the wife of the deceased at the time of the conversations concerning which she testified, but it is a more satisfactory answer that the testimony tended to prove nothing which was not established by the uncontradicted testimony of another witness, of whose competence and credibility there was no question. No evidence was offered by the defendants, there was no conflict in that offered by the plaintiff, and there was therefore no available error in the court's charge or in the refusal of instructions asked, unless in some essential respect there was a lack of evidence to justify the verdict for the plaintiff. Besides the $1,500 paid at the time of the execution of the contract, there was a subsequent payment of $1,000, and it is claimed that

the first sum should have been treated as liquidated damages, the payment of which discharged the plaintiffs in error from all further liability. The proposition is manifestly unsound. The evidence does not show the quantity or value of the oranges taken by the plaintiffs in error from the place. The stipulation in the contract is not for liquidated damages, but for a forfeiture, and there is nothing disclosed which requires it to be treated otherwise. If there remained unpaid upon the contract a sum less than $1,500, say only $500, it is evident that the plaintiff could be entitled to recover only that sum and interest; and the amount unpaid being greater than the stipulated forfeiture, and being definitely ascertainable, that amount, with interest, is the proper measure of the recovery.

The next contention is that the execution of the contract by the plaintiffs in error was not proved. Their co-partnership name was signed to the agreement by an agent whose authority, otherwise amply proven, was not shown by an instrument under seal. The contract is one to which a seal was not necessary. The action is in assumpsit, not covenant, and the seals attached may be regarded as surplusage. For authorities, see 1 Am. & Eng. Enc. Law (2d Ed.) p. 953.

It is suggested, further, that proper proof was not made of the plaintiff's appointment as administratrix. Her appointment was not specifically denied, and, if proof on the point was necessary, it is found in her own testimony, which in that respect was admitted without objection. The judgment below is affirmed.